UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA                                          07 Cr 972 (CM)

        - v. –

CASSYANN SMITH,

        Defendant.
-------------------------------------------------------------X

## SENTENCING MEMORANDUM

        IRA D. LONDON, ESQ.
        ATTORNEY FOR DEFENDANT,
        CASSYANN SMITH
        245 Fifth Avenue, Suite 1900
        New York, NY 10016
        (212)683-8000
        iradlondon@aol.com

LAW OFFICES OF
IRA D. LONDON

AVROM ROBIN

OF COUNSEL
ROBERT M. SILVERSTEIN
BRIAN J. NEARY, NY, NJ & MA BAR

SUITE 1900
245 FIFTH AVENUE
NEW YORK, NEW YORK 10016
TEL: 212-683-8000
FAX: 212-683-9422
EMAIL: iradlondon@aol.com
avrom@mindspring.com

May 12, 2008

Honorable Colleen McMahon
United Sates District Judge
United Sates Courthouse
500 Pearl Street
New York, NY 10017

     **Re:**   <u>**United States v. Darrell Taylor (Cassyann Smith)**</u>
         **07 Cr 972 (CM)**

Dear Judge McMahon:

  I write regarding my client Cassyann Smith, who is scheduled for sentence on May 16, 2008 at 12:00 p.m.

<u>BACKGROUND AND OFFENSE CONDUCT</u>

  Cassyan Smith is a 28-year-old mother of three and native of Antigua, West Indies. She moved to the United States in July 1994 and currently resides with her children, her mother and her half-sister. She has no prior criminal history and has shown no propensity toward any criminal conduct. Ms. Smith applied for U.S. residency in April 2006. While she is not presently a legal resident, all her children are citizens.

  Ms. Smith became involved in the current offense through her brother, Jamaul Hector, who is currently residing in Antigua. Ms. Smith had no previous involvement with drugs and had not previously known her co-defendant, Mr. Taylor. Indeed, she only learned Mr. Taylor's name after she was indicted. PSR ¶27.

  Cassyann Smith was arrested in this case on June 27, 2007 and released the following day on a $50,000 personal recognizance bond to be co-signed by two financially responsible persons. Ms. Smith was charged, along with Darrell Taylor, on a two-count indictment:

Honorable Colleen McMahon
May 12, 2008
Page 2 of 3

- Count 1:  Conspiracy to Distribute and Possess with Intent to Distribute Crack, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846;  and

- Count 2:  Distribution and Possession with Intent to Distribute Crack, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A).

SAFETY VALVE AND PLEA AGREEMENT

Even though both counts carry a mandatory minimum sentence of 120 months, Ms. Smith qualifies for "safety-valve" relief, pursuant to 18 U.S.C. § 3553(f).

Prior to pleading guilty, Ms. Smith, with counsel, met with the United States Attorney's Office for a safety valve proffer, pursuant to United States Sentencing Guideline ("U.S.S.G.") § 5C1.2.  The government accepted her proffer as truthful and agrees with the defense that she meets all the additional criteria necessary to qualify for safety valve relief.  Accordingly, the presentence report reflects a two-level decrease in the offense level, pursuant to U.S.S.G. § 2D1.1(b)(9).

The plea agreement stipulates a base offense level of 30, with a 2-level reduction for the safety valve, and a 3-level reduction for acceptance of responsibility, for a total offense level of 25.  Ms. Smith is a criminal history category I, with no prior criminal convictions.  The presentence report agrees with the guideline calculations of the plea agreement.  The sentencing range is 57-71 months, with the PSR recommending the low end of the sentencing range.

On February 4, 2008, Ms. Smith appeared before Magistrate Judge Douglas F. Eaton and pleaded guilty, in accordance with the plea agreement.

OBJECTIONS TO THE PRESENTENCE REPORT

Ms. Smith objects to the description of her home in the PSR.  In a letter dated April 30, 2008, she states that the PSR, at ¶49, incorrectly describes her home as cluttered and dark.  In fact, the building's new management company recently sent a field manager to her apartment and he stated that her "apartment was one of the best in the building."

Additionally, she describes her apartment as very clean.  Even though her building is currently under construction, Ms. Smith reports "when the workmen come to my apartment they say we don't have to wear face masks and gloves."  Furthermore, Ms. Smith states that the "unidentified male" mentioned in the PSR actually was one of the workmen who was making repairs. Letter from Ms. Smith, see  Exhibit A.

Honorable Colleen McMahon
May 12, 2008
Page 3 of 3

### SENTENCE REQUEST

My sentence request for Ms. Smith is either probation or home confinement. She has put her life back together, and has made a good adjustment to pretrial supervision, according to the PSR. She has consistently tested negative for drugs and has complied in full with all the requirements of her release. A sentence of home confinement or probation is also consistent with 18 U.S.C. § 3553(a), which calls for a sentence sufficient but not greater than necessary for the crime.

A sentence of either home detention or probation is most appropriate in this case, considering both the nature and circumstances of the offense and the history and characteristics of Ms. Smith. Ms. Smith's role in the offense conduct was limited to that of a "hand-to-hand dealer." PSR ¶24. She was drawn into the offense solely because her brother asked her and the supplier "did not want to meet with anyone new," PSR ¶13, which precluded the CI from meeting with the supplier directly.

As stated *supra*, Ms. Smith is a 28-year-old single mother of three. Her oldest child is 13 and her youngest is four months old. While Ms. Smith has said that her mother has agreed to care for her children should she be incarcerated, it is questionable whether or not that will be possible. Ms. Smith's mother works full time as a child daycare provider and is the primary income earner for the family. It is highly unlikely that she will be able to continue working and care for three young children, including an infant. The family will be unable to remain together if Ms. Smith is sentenced to incarceration for a number of years and the children may be placed in foster care.

Ms. Smith fully acknowledges that her involvement was the "stupidest mistake [that she] ever made." PSR ¶28. This behavior was clearly aberrational in an otherwise completely law-abiding life. Ms. Smith has expressed remorse for her involvement and deserves a second chance to raise her children. A non-custodial sentence would be the most appropriate punishment in this case.


Respectfully Submitted,


IRA D. LONDON

cc:  A.U.S.A. Jeffrey Brown
     Murray Richman, Esq.
     Cassyann Smith